# U.S. BANKRUPTCY COURT
## District of South Carolina

Case Number: **16-02834-jw**

# ORDER

The relief set forth on the following pages, for a total of 6 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**06/30/2016**



*/s/ John E. Waites*

US Bankruptcy Judge
District of South Carolina

Entered: 07/01/2016

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 16-02834-JW |
| | Chapter 13 |
| Sammie Lee Geiger, | **ORDER** |
| Debtor(s). | |

This matter comes before the Court upon the Amended Rule to Show Cause and Notice ("Rule") filed on June 9, 2016 ordering Sammie Lee Geiger ("Debtor") and Debtor's counsel, Jason Moss ("Moss") to appear and show cause that Debtor may maintain simultaneous pending bankruptcy cases. The Court held a hearing on the Rule. Based on the record of this case and applicable law, the Court makes the following findings of fact and conclusions of law.[1]

## **FINDINGS OF FACT**

1.      On January 31, 2014, Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code ("First Bankruptcy Case"). Debtor is represented by Moss in the First Bankruptcy Case.

2.      In the First Bankruptcy Case, CitiMortgage, Inc. ("CitiMortgage") filed a Motion for Relief from Stay under 11 U.S.C. § 362 on June 25, 2014 seeking to resume its foreclosure of Debtor's residence that it had commenced prepetition.[2]

3.      On July 17, 2014, a settlement order was entered between CitiMortgage and Debtor ("Settlement Order"), in which the Debtor agreed to cure his post-petition arrearage

---

[1] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such and vice versa.
[2] Further citations to the United States Bankruptcy Code (11 U.S.C. § 101, et seq.) shall be by section number only.

1

over a six-month period while maintaining ongoing mortgage payments directly to CitiMortgage. Under the Settlement Order, if the Debtor failed to make either a cure payment or an ongoing mortgage payment within 20 days after the payment's due date, Debtor would be in default of the Settlement Order and CitiMortgage would be entitled to relief from the stay upon the filing of an affidavit of default and proposed order of relief.

4.    On February 11, 2016, CitiMortgage filed an Affidavit of Default and proposed order of relief, and an Order Granting Relief from the Automatic Stay was entered on February 16, 2016 ("Stay Relief Order").

5.    On March 2, 2016, the Chapter 13 Trustee filed a Petition to Dismiss Case for Non-Payment in the First Bankruptcy Case.

6.    On April 7, 2016, a P-III Order was entered in the First Bankruptcy Case, which resolved the Chapter 13 Trustee's petition to dismiss without requiring the dismissal of the First Bankruptcy Case.

7.    After entry of the Stay Relief Order, CitiMortgage resumed its foreclosure action, and a foreclosure sale of Debtor's residence was scheduled for June 6, 2016.

8.    On June 6, 2016, Debtor filed a second petition for relief under Chapter 13 of the Bankruptcy Code ("Second Bankruptcy Case"). Moss also represents Debtor in the Second Bankruptcy Case.

9.    Debtor's residence was sold at the June 6, 2016 foreclosure sale. However, upon learning of the filing of the Second Bankruptcy Case, the foreclosure sale was vacated by CitiMortgage.

10.    When the Second Bankruptcy Case was filed, the First Bankruptcy Case was still pending and, as of the date of this Order, continues to be an open case.

11. The Rule was issued on June 9, 2016 due to Debtor filing two concurrently pending Chapter 13 cases.

12. A hearing was held on the Rule attended by Moss and Andrew Brenner ("Brenner"), an associate at Moss's firm. At the hearing, Brenner stated that the Second Bankruptcy Case was filed in error as he misread the P-III Order in the First Bankruptcy Case as a dismissal order. Brenner also acknowledged that the purpose of the Second Bankruptcy Case was to stay the June 6, 2016 foreclosure sale and that Debtor effectively received the benefit of the automatic stay as CitiMortgage vacated the foreclosure sale as a result of the Second Bankruptcy Case.

## **CONCLUSIONS OF LAW**

Previously, this Court has dismissed with prejudice a debtor's most recently-filed case when the debtor has two concurrently pending bankruptcy cases. See In re Scruggs, C/A No. 04-12277-W, slip op. (Bankr. D.S.C. Nov. 23, 2004) (dismissing a debtor's chapter 13 case with prejudice when, at the time of filing, the debtor had a pending chapter 7 case); In re Steadman, C/A No. 03-02362-W, slip op. (Bankr. D.S.C. Apr. 7, 2003) (dismissing a debtor's chapter 13 case with prejudice when, at the time of filing, the debtor had another pending chapter 13 case); In re Garner, C/A No. 02-02058-W, slip op. (Bankr. D.S.C. Mar. 11, 2002) (same). Simultaneously pending bankruptcy cases create inconsistencies and confusion among the parties and the Court. See Garner, C/A No. 02-02058-W, slip op. at 4–7 (noting that "two simultaneously pending Chapter 13 cases would be inconsistent" and that "the filing of simultaneous cases causes enormous confusion to creditors and parties in interest"). Further, a debtor can use simultaneously pending bankruptcy cases to inappropriately circumvent the bankruptcy rules and create rights that

3

would otherwise not be available to the debtor. See id. at 6 (finding that the debtor's simultaneous cases circumvented the prohibitions of § 109(g)(2)). These types of filings result in prejudice to creditors by inappropriately hindering the creditor's rights and increasing their costs through unnecessary litigation. Therefore, two simultaneously pending bankruptcy cases are "regarded as indicia of bad faith." Id. at 4.

The issues associated with simultaneously pending bankruptcy cases are certainly present in this matter. The filing of the Second Bankruptcy Case created clear inconsistencies as Debtor has concurrent Chapter 13 cases that are assigned to two different bankruptcy judges and two different case trustees.[3] Further, the Second Bankruptcy Case allowed Debtor to seek the protections of the automatic stay under § 362 when they were otherwise unavailable to the Debtor.[4] In addition, no compelling reason was presented to the Court to justify the continuation of the Second Bankruptcy Case.[5]

While the Court acknowledges that the filing of the Second Bankruptcy Case was the result of an error by Debtor's counsel, the fact remains that CitiMortgage was prejudiced by the filing as its foreclosure sale was wrongfully delayed. To prevent any future unwarranted delays to CitiMortgage's foreclosure, the Second Bankruptcy Case

---

[3] The First Bankruptcy Case is assigned to Judge Duncan and Trustee Simmons-Beasley. The Second Bankruptcy Case is assigned to Judge Waites and Trustee Stephenson.

[4] Debtor's Counsel admitted that the filing of the Second Bankruptcy Case was to stay CitiMortgage's foreclosure sale. However, the automatic stay was unavailable to Debtor as CitiMortgage had previously been granted relief from the stay in the First Bankruptcy Case. In addition, if Debtor had voluntarily dismissed the First Bankruptcy Case, Debtor would not have been able to seek the protections of the automatic stay through a second bankruptcy filing as §109(g) prohibits the filing of a second case for 180 days.

[5] This Court has previously noted that there is a split of authority regarding whether a debtor is completely prohibited from having two simultaneously bankruptcy cases. Some jurisdictions have concluded a debtor may have only one bankruptcy case pending at a time. See Scruggs, C/A No. 04-12277-W, slip op. at 3. Whereas, other jurisdictions have concluded that a debtor may be allowed to proceed with two simultaneous cases if the debtor can demonstrate good faith, a change of circumstances or other grounds that warrant the second filing. See Garner, C/A No. 02-02058-W, slip op. at 4. As these grounds which may warrant a second filing are not present in this case, it is not necessary for the Court to determine this issue at this time.

shall be dismissed with prejudice to bar Debtor from filing a petition under any reorganization chapter of the Bankruptcy Code for a period of 180 days from the entry of this Order.

Further, the Court concludes that sanctioning Moss is necessary to deter abuse and misuse of the bankruptcy process in the future.[6] Therefore, based on the circumstances of this case, including the consideration of the lowest amount of a sanction to deter future abuses, **the Court hereby sanctions Moss in the amount of $290.00**,[7] which shall be paid within five (5) days of the entry of this Order to the Clerk of Court of the United States Bankruptcy Court for the District of South Carolina, or at his election, to South Carolina Legal Services or South Carolina Appleseed Legal Justice Center.[8]

Moss shall file a Certification of Compliance with a proof of remittance as to the payment required under this Order within **five (5) days** from the entry of this Order.

**AND IT IS SO ORDERED.**

Columbia, South Carolina
June 30, 2016

---

[6] While Brenner, as an associate of Moss's firm, admitted that the filing of the Second Bankruptcy Case was the result of his error, Moss was the attorney who signed and filed the petitions in both of Debtor's bankruptcy cases. As the filing of the second petition was the act that resulted in Debtor having simultaneously pending cases, the Court finds that Moss is the appropriate party to sanction to deter abuse and misuse of the bankruptcy process in the future.

[7] This amount reflects the attorney's fees Moss and his firm have received in connection with the Second Bankruptcy Case as listed in the B2030 Form filed on June 6, 2016. The Court finds that this sanction is appropriate as Moss and his firm should not benefit from the improper filing of the Second Bankruptcy Case. Further, disgorgement is not an option as Debtor received the benefit of having the June 6, 2016 foreclosure sale vacated due to the filing of the Second Bankruptcy Case.

[8] The Court has authority to regulate the litigants that appear before it and to address improper conduct pursuant to 11 U.S.C. § 105, 28 U.S.C. § 1927, Fed. R. Bankr. P. 9011 and SC LBR 9010-1(d). See Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (discussing the inherent authority of courts to regulate litigants); In re Weiss, 111 F.3d 1159 (4th Cir.1997). "Section 105 gives to bankruptcy courts the broad power to implement the provisions of the bankruptcy code and to prevent an abuse of the bankruptcy process, which includes the power to sanction counsel." In re Clark, 223 F.3d 859, 864 (8th Cir. 2000) (citing In re Volpert, 110 F.3d 494, 500 (7th Cir. 1997) and Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.), 77 F.3d 278, 284 (9th Cir. 1996)). See also In re Walters, 868 F.2d 665, 669 (4th Cir.1989) (recognizing Bankruptcy Code § 105(a) as empowering bankruptcy courts to hold parties or attorneys in civil contempt); Jones v. Bank of Santa Fe (In re Courtesy Inns Ltd., Inc.), 40 F.3d 1084, 1089 (10th Cir. 1994).